J-S58038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC JAMES LOPEZ | |
| Appellant | No. 591 WDA 2014 |

Appeal from the Judgment of Sentence March 11, 2014
In the Court of Common Pleas of Potter County
Criminal Division at No(s): CP-53-CR-0000011-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED DECEMBER 22, 2014**

Appellant, Eric James Lopez, appeals the judgment of sentence entered in the Potter County Court of Common Pleas, following his negotiated guilty plea to one count of simple assault and one count of recklessly endangering another person ("REAP").[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. Appellant entered into a plea agreement on March 6, 2014, on charges arising from an incident on December 9, 2012, in which Appellant pushed the victim to the ground and struck her repeatedly in the face.  The victim

_____

[1] 18 Pa.C.S.A. §§ 2701(a), 2705.

_____

*Retired Senior Judge assigned to the Superior Court.

suffered a broken nose, broken jaw, broken cheekbone, and numerous lacerations and abrasions. The trial court, however, later determined that the sentence the Commonwealth had recommended actually exceeded the statutory maximum sentence. Subsequently, the court allowed Appellant to revoke the earlier plea and enter a new negotiated and binding plea agreement. Appellant entered the new plea on March 11, 2014, to one count of simple assault and one count of REAP. The new plea agreement specifically provided that Appellant would not receive credit for time served. Counsel explained the provisions of the plea agreement to Appellant, and the court reiterated them when Appellant entered his new plea. At the plea hearing, Appellant stated on the record that he understood the plea agreement and wished to proceed with it. The court imposed the agreed-upon sentence immediately following the plea proceedings.[2]

Appellant timely filed notice of appeal on April 7, 2014. On April 10, 2014, the court ordered Appellant to file a Rule 1925(b) statement. On April 16, 2014, the court ordered Appellant to file a corrective Rule 1925(b) statement. On April 22, 2014, Appellant's counsel filed a Rule 1925(c)(4) statement of his intent to file an *Anders* brief.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct.

_____

[2] Counsel filed a petition with the trial court to withdraw as counsel on April 1, 2014, which the court denied on April 9, 2014.

1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting **Commonwealth v. Townsend**, 693 A.2d 980, 982 (Pa.Super. 1997)).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[3] requires that counsel's brief provide an argument of any sort, let alone the type of

---

[3] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.

*    *    *

Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, counsel filed a petition for leave to withdraw representation. The petition states counsel reviewed the record and determined the appeal is wholly frivolous. Counsel indicates he notified Appellant of the withdrawal request. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to proceed *pro se* or with new privately retained counsel to raise any additional points or arguments that Appellant believes have merit. In his **Anders** brief, counsel provides a short summary of the facts and procedural history of the case with reference to the record. Counsel also refers to evidence in the record that may arguably support the

- 4 -

appeal, and he provides citations to sentencing law.  Counsel also states the reasons for his conclusion that the appeal is wholly frivolous.  Thus, counsel has complied with the requirements of **Anders** and **Santiago**.

As Appellant has filed neither a *pro se* brief nor a counseled brief with new privately retained counsel, we review this appeal on the basis of the issues raised in the **Anders** brief:

> WHETHER AN APPLICATION TO WITHDRAW AS COUNSEL SHOULD BE GRANTED WHERE COUNSEL HAS INVESTIGATED THE POSSIBLE GROUNDS OF APPEAL AND FINDS THE APPEAL FRIVOLOUS?
>
> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING [A] SENTENCE THAT DID NOT GIVE CREDIT FOR TIME SERVED?

(**Anders** Brief at 4).

Appellant argues his sentence should be reduced with proper credit for time served.  Appellant claims he is entitled to nearly fifteen months of credit for time he spent incarcerated on the offenses.  Appellant concludes the trial court erred in failing to give Appellant the credit he claims he deserves.  We disagree.

As a general rule, the entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence.  **Commonwealth v. Main**, 6 A.3d 1026 (Pa.Super. 2010).  "We have recognized the importance of the plea bargaining process as a significant part of the criminal justice system."  **Commonwealth v. Byrne**, 833 A.2d 729, 735 (Pa.Super. 2003).  "We are

aware of no authority that provides an impediment to a defendant's express, knowing, and voluntary waiver of a statutory right if that waiver is key in obtaining a bargained-for exchange from the Commonwealth." *Id.* at 736. Case law supports the conclusion that a defendant can waive his right to credit for time served as part of a negotiated plea bargain. *Id.*

In the instant case, Appellant entered a negotiated and binding guilty plea. The record makes clear Appellant understood the terms of the plea agreement, which included no credit for time served. Appellant made no claim that his plea was unknowing, involuntary, or unintelligent. Because the sentence imposed was lawful, we see no reason to disturb it. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2014